RAMÓN MONTANER, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada, y SUCESIÓN DE BENITO SANTIAGO, peticionaria ante la Comisión.

Núm. 156.—*Sometido:* Diciembre 19, 1938. *Resuelto:* Enero 23, 1939.

*Hon. Procurador General B. Fernández García, Emilio de Aldrey, Procurador General Auxiliar, y Víctor J. Vidal González,* abogado éste del Fondo del Estado, abogados del recurrente; *M. León Parra,* abogado de la Comisión; *Manuel Rivera de la Vega,* abogado de la Sucn. Santiago, peticionaria ante la Comisión.

EL JUEZ ASOCIADO SEÑOR HUTCHISON emitió la opinión del tribunal.

El Administrador del Fondo del Seguro del Estado solicita se revoque una decisión de la Comisión Industrial:

1. Porque el acto a que se atribuye el origen de la muerte de Benito Santiago fué uno realizado por él en la forma acostumbrada y envolvía el esfuerzo ordinario típico de las labores por él realizadas y su muerte no provino de un accidente del trabajo tal cual lo contempla el artículo 2 de la Ley de Compensaciones por Accidentes del Trabajo.

2. Porque no se estableció relación alguna de causalidad entre la muerte de Santiago y el esfuerzo por él realizado.

3. Porque la muerte de un obrero que ocurre en el curso de su trabajo a consecuencia de las labores ordinarias de su ocupación, sin que haya ocurrido un accidente, no es compensable.

La Comisión resolvió que la muerte de Santiago se debió al cumplimiento por su parte de un acto que estaba en el curso de su empleo. Hubo prueba tendente a sostener esta conclusión. También hubo prueba tendente a demostrar que el acto en cuestión de ordinario requería la fuerza combinada de dos o tres hombres. Santiago trató de hacerlo por sí solo. Mientras estaba así ocupado tuvo una hemorragia cerebral. Le sobrevino la muerte. Hubo prueba tendente a demostrar que un obrero de experiencia podía efectuar sin esfuerzo lo que Santiago trató de hacer y que Santiago era un obrero de experiencia. No hubo decisión específica sobre este punto. Sin embargo, de toda la prueba se desprende lógicamente que la muerte de Santiago fué producida por un acto que, dado su estado físico para aquel entonces, equivalía en el caso suyo a un esfuerzo. A nuestro juicio se desprende que su muerte se debió a un accidente dentro del significado del artículo 2 de la Ley de Compensaciones por Accidentes del Trabajo. El presente no es el caso de un obrero a quien, mientras está en su trabajo, le sobreviene la muerte de causas naturales o de cualquier causa distinta a un acto fortuito inesperado que sea el resultado de un acto o función inherente a su trabajo o empleo.

*Debe confirmarse la decisión de la Comisión Industrial.*

El Juez Presidente Sr. Del Toro no intervino.